### JOHN T. GILBERT v. THE STATE.
#### No. 220.  Decided March 3.

**1. Local Option Election, Notices for.**—Notices of an election for local option, copies of which the statute requires the clerk to post in five different places within the limits of the proposed district, are not such writs or process as are required to run in the name of the State of Texas, but are simply *copies* of the *order* of the court fixing the time and place of the election, and when duly certified, under the hand and official seal of the clerk, are in full compliance with the law.

**2. Same—Order Declaring the Result.**—An order declaring the adoption of local option, and prohibiting the sale of intoxicating liquors, is not invalid because it omits the statutory words " except for the purposes and under the regulations specified in this title."

**3. Same—Statutory Exceptions.**—Where an exception is expressly provided by a law, and the law could not become operative without at the same time putting the exception in operation, the failure to enter the exception in an order putting the law in force can not deprive any one of his rights under the exception.

APPEAL from the County Court of Callahan.   Tried below before Hon. E. E. SOLOMAN, County Judge.

Appellant was convicted of a violation of the local option law, after the same had been legally adopted in justice precinct number 6 of Callahan County, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail. The questions upon which a reversal was sought on this appeal are sufficiently stated in the opinion, and no additional statement of the case is required.

After the affirmance of the judgment, as shown by the opinion, a motion for rehearing was submitted, but was overruled.

*J. E. Thomas,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.— Appellant was convicted of violating the local option law, in force in justice precinct number 6 of Callahan County, and his punishment assessed at $25 fine and twenty days imprisonment in the county jail.

1. Appellant objects to the validity of the election, upon the ground that the notices of the time and place of the election which were posted in said precinct did not run in the name of the State of Texas. While it is true that all writs and process shall run in the name of the State of Texas (Revised Statutes, article 1443), yet the notice of the election which is here required to be posted is not a writ or process. Article 3230 simply requires the clerk to post *copies* of the order at five different places within the limits of the proposed district. An examination of the posted copy shows it to be a correct copy of the order, duly certified to under the hand and official seal of the clerk of the court. This, we think, was a full compliance with the law.

2. Appellant further objects to the validity of the election, upon the ground that in entering the order declaring the result and prohibiting the sale of intoxicating liquor, the County Commissioners Court failed to add the words, "except for the purposes and under the regulations specified in this title." It is insisted, that this being a statutory order, no part of it can be omitted without invalidating the whole. The order in all other respects is a literal compliance with article 3233. In Lipari's case, 19 Texas Criminal Appeals, 434, where the order omitted the words, "until such time as the qualified voters therein may, at a legal election held for that purpose, by a majority vote, decide otherwise," it was held, that though stated in article 3233, yet the omission of this clause would not invalidate the order, because it was not *essential* that the order should so declare; that the *duration* of such prohibition being fixed by the law itself, could not be affected by the order of the County Commissioners Court omitting to state it. Upon the very same reasoning, the failure of the County Commissioners Court to enter the exceptions should not

invalidate the order.   The law itself has made the exceptions, and provided the regulations under which they are made available to any one entitled to plead them.

They can not be affected by the order of the Commissioners Court. Article 3228, Revised Statutes, declares that the preceding article (to-wit, 3227, which authorizes the election) shall not be so construed as to prohibit the sales of wines for sacramental purposes, nor alcoholic stimulants as medicine in case of actual sickness.   That is to say, the Legislature expressly withholds from the Commissioners Court the power to prohibit the sales of intoxicating liquor in the instances specified.  A failure to enter the exceptions in the prohibiting order can in no way deprive any one of the right of proving that he comes within the exceptions provided by the law.   The law could not be put into operation without also putting the exceptions into operation at the same time.   We therefore conclude that the order as entered is not invalid, and the judgment of the court below is affirmed.

*Affirmed.*

Judges all present and concurring.