## Ex Parte Buck Perkins.
### *No. 679.   Decided May 4.*

1. **Local Option Petition—Metes and Bounds—Justice's Precinct.**—The metes and bounds of the territory to be affected by local option are only required to be set forth in the petition when the territory is "a subdivision of the county" other than a justice's precinct, town, or city.   Where the petition calls for an election for an entire justice's precinct by name, it is not necessary that it should also set out the metes and bounds of said precinct.

2. **Same—Signers to Petition—Incorporated Town or City—Construction of Statute.**—The Act of 1893, page 48, section 1, requires, that a petition for local option, which is to embrace an incorporated town or city, shall be signed by qualified voters, not less than one-tenth in number of the total vote cast for Governor at the next preceding general election in such town or city.   *Held,* that the "one-tenth" of the voters mentioned are not required to reside in the city limits; it is sufficient if they reside in the voting precinct of the city.

3. **Same—Order Declaring the Result—Statutory Exceptions.**—An order declaring the result of a local option election is not required to set out the statutory exceptions in regard to sales of intoxicating liquors, and whether included in the order or not, such exceptions are not affected one way or another.   Following Gilbert v. The State, 32 Texas Criminal Reports, 596.

. APPEAL from the County Court of Hunt. Tried below before Hon. W. H. RAGSDALE, County Judge.

Appellant was arrested upon a capias to answer an information charging him with a violation of the local option law in Justice Precinct No. 5 of Hunt County. He applied for and was granted a writ of habeas corpus by the county judge, that the legality of his arrest and restraint of liberty might be inquired into. Upon hearing the writ, the county judge remanded him to custody, and from that order and judgment he prosecutes this appeal.

No further statement necessary.

*Craddock & Looney* and *J. W. Hopkins,* for relator.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Relator was arrested for violating the local option law in Justice Precinct No. 5 of Hunt County, and resorted to the writ of habeas corpus to secure his release. Upon his trial he was remanded to custody.

. The first contention is, that the petition is insufficient, because it failed to describe the territory to be affected by metes and bounds. It was described only as Justice Precinct No. 5 of Hunt County. This was sufficient, inasmuch as the petition called for an election for that entire precinct by name. The metes and bounds are only required to be set forth in the petition when the territory to be voted in is a "subdivision of the county" other than a justice precinct, town, or city.

The second contention is, that the law as put into operation in said precinct is inoperative, because the petition was not signed by one-tenth of the total vote cast for Governor, at the general election in 1894, of those residing in the incorporated city of Wolfe, situated in said precinct. This town contained over 1000 inhabitants, and 440 votes were cast therein for Governor at the last election. Of this number 267 reside inside the corporate limits of said Wolfe City. Sixty-two voters signed the petition, 23 of whom resided within said city limits. There is no evidence as to the residence of the remaining 39 who signed the petition, except they lived in the justice precinct. Appellant's contention is not sound. The law only requires that the petition be "signed by qualified voters, not less than one-tenth in number of the total vote cast for Governor at the next preceding general election in such incorporated town or city." Acts 1893, p. 48, sec. 1. Under this law it was requisite that 44 of those who voted in said general election for Governor at Wolfe City should have signed said local option petition. If this was done, the law was fully complied with in this regard. Twenty-three of such voters residing in the said limits did sign the petition. All the other signers may have resided in Wolfe City voting precinct. If an insufficient number to make out said neces-

sary 44 did not so reside, it was incumbent on the relator to show that fact. The "one-tenth" of the voters mentioned in the law cited, voting in said incorporated cities, are not required to reside in such city. They may reside in the voting precinct, and be qualified signers of the petition. If 44 of those who signed the petition resided in Wolfe City voting precinct, and voted for Governor in 1894, this was sufficient under the statute, and this constituted a full compliance with the terms of the law in this respect. It was not necessary to set out the exceptions in regard to the sales of intoxicating liquors, though it was done, in the order declaring the result of the local option election and prohibiting the sale of such intoxicants in the given territory. The law makes these exceptions, whether included in the order or not, and the order of the court can not affect these exceptions one way or another. Gilbert v. The State, 32 Texas Crim. Rep., 596.

We find no error, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.