## PATRICIO CORDONA v. THE STATE.

### No. 3685. Decided May 27, 1908.

**1.—Local Option—Indictment.**

Where the indictment in a local option case followed approved precedent the same was sufficient.

**2.—Same—Argument of Counsel.**

Where upon trial of a violation of the local option law the argument of the State's counsel was not of such character as would have prejudiced the rights of the defendant, there was no error.

**3.—Same—Election—Law in Force—Charge of Court.**

Where in a local option case there was no question made on the orders of the commissioners court in respect to the local option election, the court was justified in his charge to assume that the local option law was in force.

Appeal from the County Court of Dimmit. Tried below before the Hon. J. D. Spears.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Dimmit County for unlawfully selling intoxicating liquor therein in violation of the local option law.

The sufficiency of the indictment in the case is questioned but we think under the authority of Shilling v. State, 51 S. W. Rep., 240; Stephens v. State, 97 S. W. Rep., 483; and Holloway v. State, (53 Texas Crim. Rep.) not yet reported, that same is not subject to the objections made to it. The testimony in the case shows that one Jake English bought from appellant in the town of Carrizzo Springs a bottle of mescal for which he paid him the sum of $1. It is also shown that mescal is an intoxicating liquor. The proof was made that the prohibition law had been legally adopted and publication·thereof duly made in said county. There was no evidence offered by the appellant. The charge of the court is very short and in substance, directs the jury that if they believe beyond a reasonable doubt, that appellant did in the county aforesaid sell intoxicating liquors as charged in the indictment they would find him guilty.

The appellant asked two special charges. One of these was a peremptory instruction to return a verdict of not guilty, because the indictment was insufficient. The other was an instruction to disregard that portion of the county attorney's argument which alluded to appellant making himself scarce about grand jury time. Having held the indictment good, of course, it follows that we should hold that the court did not err in refusing the first special instruction requested, in terms directing the jury to return a verdict of not guilty. The bill of exceptions in respect to the other matter is to the failure of the court to give the special charge in regard to the statement of the county attorney. This bill is very meager and we are unable to say the court should have given this instruction, but if it be conceded that the argument of the county attorney, or his statement in the argument, above referred to, was not justified, in view of the entire record, the same could not in the nature of things, have prejudiced the rights of appellant. There was no question made on the orders of the commissioners court in respect to the local option election, and the court was justified in assuming as it did assume that the local option law was in effect in said county. The case is peculiarly and strictly a fact case and if the testimony of the witnesses is to be believed, the appellant is clearly guilty.

There is no error pointed out, as we believe, which would justify us in reversing this conviction, and the same is therefore affirmed.

*Affirmed.*