## A. B. GREEN v. THE STATE.

### No. 1124.   Decided April 19, 1911.

### Rehearing Denied May 17, 1911.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence supported the conviction, there was no error.

**2.—Same—Indictment—Order of Commissioners Court—Exceptions.**

It is not necessary that the indictment allege that the order of the Commissioners' Court negative the exceptions in the statute wherein such liquors may be sold; as the order for the prohibition election need not set out these exceptions. Following Frickie v. State, 39 Texas Crim. Rep., 254, and other cases.

**3.—Same—Indictment—Law in Force and Effect.**

Where the indictment charged that the sale took place after an election had been held and the result declared, etc., the contention that the indictment did not show that the alleged sale was made after the said election had been declared is untenable.

**4.—Same—Indictment—Jurisdiction—Venue.**

Upon trial for a violation of the local option law, it was not necessary to allege in the indictment the place where said sale was made, other than that it was in the county of the prosecution. Following Wesley v. State, 57 Texas Crim. Rep., 277, and other cases.

**5.—Same—Continuance—Diligence—Immateriality of Testimony.**

Where the application for continuance did not show proper diligence, and the testimony set out therein to the effect that other people had tried to get whisky from defendant and had failed, being inadmissible, there was no error.

**6.—Same—Evidence—Intoxicating Liquor—Whisky.**

Where, upon trial for a violation of the local option law, the defendant was given full opportunity to cross-examine a State's witness with reference to the intoxicating qualities of the liquor sold, and the witness had testified that it was whisky, there was no error in not permitting defendant's counsel to further cross-examine the witness with reference to the character of whisky the witness sold while he was in the saloon business.

**7.—Same—Evidence—Moral Turpitude.**

Where, upon cross-examination of the State's witness, the defendant brought out the fact that the witness had been indicted some years previously for murder, there was no error in permitting the State to show that the witness was acquitted of said charge.

**8.—Same—Evidence—Leading Question.**

Where the questions asked by the State merely sum up the testimony de-

livered by the witness on defendant's cross-examination, and the bill of exceptions did not show that these questions were improperly asked or answered, or their connection shown with other testimony in the case, there was no error. Following Long v. State, 58 Texas Crim. Rep., 209.

### 9.—Same—Evidence—Moral Turpitude.

It is always permissible to impeach a witness in a criminal case by showing by him that he has been indicted or convicted for a felony, or indicted and convicted for any misdemeanor showing moral turpitude; and where the bill of exceptions was so qualified that the questions and answers with reference to offenses were limited to felony indictments, etc., there was no error.

### 10.—Same—Charge of Court—Gift.

Where, upon trial for a violation of the local option law, the court instructed the jury that the gift of the intoxicating liquor would not be a violation of the law, there was no error in refusing a special requested charge on this phase of the case, and which embodied other matters which did not announce any correct principle of law applicable to the case.

### 11.—Same—Argument of Counsel—Bill of Exceptions.

Where the objection to the argument of State's counsel was not presented by bill of exceptions, the same could not be considered on appeal.

### 12.—Same—Charge of Court—Law in Force—Harmless Error.

Where, upon trial for a violation of the local option law, the evidence showed conclusively that the sale occurred after the local option law went into force, there was nothing in the objection that the court inadvertently stated the date the law went into effect was on July 8, 1910, instead of July 15, 1910, the sale having taken place on October 6, 1910. Nor was it error to reject court orders of a former election.

Appeal from the District Court of Lubbock. Tried below before the Hon. L. S. Kinder.

Appeal from a conviction of the violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*W. F. Schenck* and *Dillard & Moore,* for appellant.—Upon question of refusing cross-examination of witness Moore as to the character of the whisky: Beaty v. State, 110 S. W. Rep., 449.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—On November 25, 1910, appellant was indicted by the grand jury of Lubbock County for unlawfully selling intoxicating liquors therein to J. H. Moore, after a prohibition election had been held and carried in said county and the proper orders made so declaring, and the proper publication thereof. His penalty was fixed at one year in the penitentiary.

The evidence is clear, ample and sufficient to sustain the conviction.

Appellant made a motion to quash the indictment on two grounds. First, because the indictment charges that the order of the Commissioners Court absolutely prohibited the sale of intoxicating liquors in said county without negativing the exceptions in the statute wherein such liquors may be sold. This court has uniformly held that this is no ground for quashing the indictment; that the law itself makes

the exceptions and that even errors in reciting what the exceptions are will be treated as surplusage. And so the order for the prohibition election need not notice the exceptions. Barker v. State, 47 S. W. Rep., 980; Racer v. State, 73 S. W. Rep., 968; Chapman v. State, 37 Texas Crim. Rep., 167; Gilbert v. State, 32 Texas Crim. Rep., 596; Bruce v. State, 36 Texas Crim. Rep., 53; Ex parte Perkins, 34 Texas Crim. Rep., 429; Zollicoffer v. State, 38 S. W. Rep., 775; Loveless v. State, 49 S. W. Rep., 601; Shields v. State, 38 Texas Crim. Rep., 252; Frickie v. State, 39 Texas Crim. Rep., 255.

The other ground of the motion to quash is because it is claimed "the indictment does not show that the alleged sale of such liquor was made after said election had been declared in favor of prohibition and that the same at that time was in effect, nor does it show the place, the time nor date where said sale was made." The indictment itself contradicts this ground of the motion. It charges that the appellant on or about October 6, 1910, in Lubbock County, Texas, did then and there unlawfully sell intoxicating liquors to J. H. Moore, *after an* election had been held, carried, properly ordered, declared, and published. It was not necessary for the indictment to allege the place other than that it was in Lubbock County, Texas. This indictment particularly and fully follows the indictments which have been uniformly held by this court to be clearly and amply sufficient. Shilling v. State, 51 S. W. Rep., 240; Stephens v. State, 97 S. W. Rep., 483; Holloway v. State, 53 Texas Crim. Rep., 246; Cordona v. State, 111 S. W. Rep., 145; Starnes v. State, 52 Texas Crim. Rep., 403; Watson v. State, 52 Texas Crim. Rep., 551; Wesley v. State, 57 Texas Crim. Rep., 277, and cases therein cited. The court did not err in overruling appellant's motion to quash.

Appellant made a motion for a continuance on account of the absence of two witnesses, Bill Stewart and J. C. Gentry. The court overruled the motion because the application did not show that due diligence was used by the appellant to procure the attendance of these witnesses and the evidence was not material. We deem it unnecessary to state the diligence shown by the application. We think it was insufficient, but if it had been sufficient, the testimony by the witnesses would not have been admissible. The motion says that by Stewart appellant expected to prove that at the time he was charged by the indictment with making the sale, Stewart was taking meals at appellant's restaurant in Lubbock, Texas, within a short distance of where this offense was charged to have been committed; that on the date charged in the indictment and just before and just after, Stewart tried to procure whisky from him, both to buy and get it by gift from appellant; that the appellant refused to give him or sell him whisky at that time because, he stated, that he did not have any whisky and he refused to sell Stewart whisky or give him any, although Stewart was a drinking man, drank frequently and was his personal friend and offered to pay well for it. By said

Gentry he expected to prove that prior to the time he left Lubbock, which was in August, 1910, he attempted to buy whisky from appellant and appellant refused to sell it to him because he had none or because he did not have any for sale for anybody. None of this testimony, if the witnesses had been present, was admissible in this case for any purpose. Hence, the court did not err in overruling appellant's motion for a continuance.

By bills of exception appellant saved a point, and assigns error in the following particulars: While the State's witness, J. H. Moore, was on the stand and on cross-examination by appellant, he was asked if he was not an ex-saloon keeper and bartender, and if he did not run a saloon in Oklahoma. He answered these questions in the affirmative and that he knew what whisky was. Whereupon, appellant asked him if the whisky he claimed to have purchased from appellant was the same character of whisky he sold while he was in business. The object and purpose of said question, as stated by the bill, being to show whether or not the stuff he bought from appellant was intoxicating liquor and to show that it was not whisky and was not intoxicating, and to show the character of the stuff or article, claiming that he expected to elicit from this witness a reply to the effect that the article he bought was not what you would call pure whisky, and was some sort of a mixture with probably some whisky in it, and that he could not say that it was an intoxicant because he never got drunk on it and never drank enough of it to know what the effect would be. This was objected to because the testimony was irrelevant and immaterial. The court, in allowing this bill, states that the examination of this witness by the State and defendant was thorough and the question was whether it was whisky, and not the kind he once sold himself. There was no error by the court in sustaining the objection to this expected testimony.

While this witness Moore was on the stand on cross-examination he was asked if he had not been indicted some years ago in Eastland County for murder and he answered that he had. The State on redirect examination was permitted to ask the witness what was done with said charge against him, to which he replied that he was acquitted of said charge. The court restricted the examination of the State and held that on this question the State could go no further than to elicit the answer of the witness that he was acquitted of the charge of murder. Appellant's objection to the question and answer of the witness to the effect that he had been acquitted of the charge, was correctly overruled.

Again, while this State's witness Moore was on the stand, complaint is made that on his redirect examination the State was permitted to ask these questions: "And it was then that he came in and asked you for that dollar afterwards?" "There in the presence of Mr. Cope?" "And you paid it to him?" (meaning the defendant). "You drank some of that whisky?" "And it looked like whisky?"

To each of these questions appellant objected because they were illegal and inadmissible and were leading. The witness answered all of the questions in the affirmative. The court qualified this bill by stating that the questions propounded were upon cross-examination of the witness upon matters brought out by the defendant, and besides, the questions merely summed up the testimony delivered by the witness in response to the defendant's cross-examination. This bill does not show that these questions were improperly permitted to be asked, nor answered. It does not show such a state of facts in connection with the case that we can tell therefrom that they were improperly allowed to be asked and answered and no error is shown to authorize us to hold that they should not have been permitted. Carter v. State, 59 Texas Crim. Rep., 73, 127 S. W. Rep., 215; Manovitch v. State, 50 Texas Crim. Rep., 260; Long v. State, 58 Texas Crim. Rep., 209.

Again, appellant complains by bill of exceptions that while he was on the stand testifying on cross-examination he was asked by the State's attorney, "How many times have you been indicted in Lubbock County, Texas, since you have been here and how many fines have you paid?" The appellant objected to this because it was illegal and inadmissible; that the form of the question, and the question itself were improper in that it did not exclude from any answer that might be given thereto such misdemeanors involving moral turpitude, as the defendant might have been charged with during said time and because no time was limited by said question and the answer thereto, might extend back fifteen or sixteen years and more than ten years. This bill was allowed with the explanation by the court that when the objection was made to the general question, the question and answer were limited to felony indictments and the jury was at the time directed not to consider any answer to any other grade of offense and no question was permitted as to misdemeanors. The witness answered that he had been indicted three or four times by the grand jury of Lubbock County; that he could not tell whether three or four times, but that the docket could be examined and seen. It is always permissible to impeach a witness in a criminal case by showing by him that he has been indicted or convicted for a felony, or indicted and convicted for any misdemeanor showing moral turpitude. There was no error in permitting the question to be asked and answered as stated by the qualification of the judge.

Appellant requested, and the court refused to give the following charge: "You are instructed that if you believe that the defendant gave the pint of whisky to the witness Moore and that said witness asked the defendant if he had said whisky at the time, and if you believe that the said witness Moore owed the defendant the amount of one dollar at the time, or if you have a reasonable doubt as to said facts, you will find the defendant not guilty." This charge does not announce any correct principle of law applicable to this case at all. That part of it, however, which requested that the defendant

be acquitted if he gave the pint of whisky to the witness Moore was fully and correctly given by the court in the main charge in the following language and in a separate paragraph thereof: "If you believe from the evidence in this cause that the defendant merely gave the whisky to the said J. H. Moore, and received no pay therefor, or if you have a reasonable doubt as to this, you will acquit the defendant." However, in the motion for new trial the appellant complains of the charge just quoted, given by the court, because the court did not state, in addition thereto, that "if you believe from the evidence in this case that the defendant merely gave the whisky to the said J. H. Moore, or intended to give said whisky to the said J. H. Moore, and to sell the same to him, and if you further believe that the defendant received no pay therefor, or if you have a reasonable doubt as to these facts, you will acquit the defendant." The court did not err in the charge given and it would have been improper and inapplicable to have given in addition thereto, what the appellant claims should have been given.

Another charge requested by the appellant, which was refused, was that complaining of the remarks of the district attorney in his closing argument. This matter is not presented by bill of exceptions, and there is no authentic showing that such remarks were made so that this court can not consider this question.

By the motion for new trial the appellant complains that the court erred in that paragraph of the main charge wherein he says: "You are, therefore, charged that if you find and believe from the evidence in this case beyond a reasonable doubt, that the defendant, A. B. Green, did in Lubbock County, Texas, on or about October 6, 1910, or at any time prior to November 25, 1910, the date of the filing of the indictment in this cause, and subsequent to July 8, 1910, sell intoxicating liquors to J. H. Moore, you will find defendant guilty as charged in the indictment, and assess his punishment at confinement in the State penitentiary for any length of time of not less than one year nor more than three years." And in connection with this charge, just quoted, complaint is also made by the appellant that the court erred in a former paragraph of the charge, which paragraph is as follows: "You are charged that local option is in full force and effect in Lubbock County, Texas, and has been since July 8, 1910." The ground of complaint against these charges of the court is that the order declaring the result of local option in Lubbock County shows that it was made and entered on the 8th day of June, 1910, from the evidence introduced by the State, claiming that the evidence shows that the publication was made in the Lubbock Avalanche on June 16, June 23, June 30, and July 7, 1910, which only gives the time of publication twenty-one days up to July 8, 1910, the time specified in the charge and does not give the four weeks or twenty-eight days required by the statutes, and that prohibition,

instead of being effective in Lubbock County on July 8, 1910, was shown to be in effect only on and after July 15, 1910.

In this connection the appellant offered the minutes of the Commissioners Court of Lubbock County, made in 1901, and subsequent thereto, about a prohibition election which seems to have been held in said county about that time. These proceedings offered by appellant were excluded by the court on objection by the State with the explanation by the court as follows: "This bill is approved with the explanation that a purported local option election was held in Lubbock County in 1901, but no publication—or a defective publication—was had under said former election, and this publication was made by the county judge in 1910, to cure same, and the court rejects this testimony because a new election, as shown by the State's testimony, was held on May 28, 1910, and proper publication had thereunder."

The proof in this case shows that the minutes of the Commissioners Court of Lubbock County, properly authenticated and proven up, were introduced in evidence whereby it was shown that on May 9, 1910, the court properly ordered an election in said county to be held on May 28, 1910, to determine whether or not the sale of intoxicating liquors shall be prohibited in said county as provided under the law, giving the title and chapter of the statutes on the subject; that on June 8, 1910, the Commissioners Court of said county properly convened when the votes were properly counted and it was ascertained and determined by the court that prohibition had carried at said election by a majority of 293 votes and it was thereupon ordered, adjudged and decreed by the court that the sale of intoxicating liquors be and is hereby absolutely prohibited within Lubbock County, except for the purpose and under the regulations specified in title 69, Revised Civil Statutes of 1895, of the State of Texas, until such time as the qualified voters therein may at a legal election held for that purpose by a majority vote decide otherwise. The proper order was made by the county judge directing the order of said Commissioners Court to be published in the Lubbock Avalanche, a newspaper published in said county for the length of time required by law, and it was also shown by the proper order of the county judge that such publication had been made on June 16, 23 and 30 and July 7, 1910. The indictment in this case charged that the sale was made on or about October 6, 1910. All of the testimony showing said sale by the appellant fixed the time thereof as on October 6, 1910, and there was no testimony as to anything in connection with said sale showing any other time than about October 6, 1910. In other words, the testimony shows that the sale was made on that date, and there is no testimony indicating that any other sale at any other date was made or testified about. Even if it was a technical error for the court to charge that prohibition was in force in said county by virtue of said election orders, publications, etc., on July 8, 1910, instead of

July 15, 1910, as claimed by appellant, he is in no way injured thereby and can not complain of such mistake. Neither did the court err in not admitting in evidence the whole orders and proceedings under the election in 1901. Such election, whether carried or not, was superseded by the election in May, 1910, which became effective and operative by the proper orders, publications, etc., on July 15, 1910, if not on July 8, 1910.

All other matters of complaint by the appellant have been considered, but we think it unnecessary to mention any of them. There is no error shown by the record that would justify this court in reversing this case. It is therefore ordered that the judgment of the lower court be in all things affirmed.

*Affirmed.*

[Rehearing denied May 17, 1911.—Reporter.]