Lipscomb, J.
The appellant was indicted for an assault with intent to commit murder. There was a conviction and a judgment, from which he appealed.
The counsel for tiie appellant has assigned several grounds on which he supposes the judgment ought to be reversed. One of them, however, only will be considered, as being the only one that could be seriously made with any hope of success. It is in relation to the charge of the court below ou a rule of evidence.
The court charged the jury that if the defendant presented his gun at the prosecutor withiii shooting distance, the presumption of law was that the gun was loaded, and that if it was not, it devolved on the accused to prove it, and ■that he knew it was not loaded when he so presented it.
In the charge so given it is not believed that there is any error. Where one man, with manifestations of ill-will or under the influence of unfriendly feelings, presents his gun at another, that the gun is loaded is a presumption resulting from tvell-established principles of law. If the accused fails to rebut the presumption by proving that it was not loaded, and that he knew the fact at the time, this presumption will stand as proof; because, if it was not loaded, .and he knew it, the proof was, from the circumstances of the case, in his power, and it would not be easy for the defendant to prove the fact of its being loaded. The fact of the ill-feeling, too, under which he acted created a presumption that it was in no idle or playful tnood that he presented the gun, but that it was with an evil intent so presented as au instrument in a condition to execute the threatened mischief. Perhaps the prosecutor could not, in one. case •out of a hundred, prove positively tiie fact that the gun was loaded; when, if *11 it was not, it was easy for the accused to remove the presumption and show that it was not, and that he ltnew it was not, by proclaiming the fact and inviting an examination. This he could and ought to have done by way of exculpating himself if really innocent. His not doing so, authorized the jury to believe that it was loaded.
Note 8. — Crow v. The State, 41T., 468.
Judgment affirmed.