## J. POWELL v. THE STATE.

THEFT—DECLARATIONS OF ACCUSED.—The declarations of a party after the commission of an offense, or after he is found with the property in possession, are not evidence in his favor.

APPEAL from Smith. Tried below before the Hon. M. H. Bonner.

*F. M. Hays*, for appellant, cited Herber *v.* The State, 7 Tex., 69; Thurman *v.* The State, 33 Tex., 684; Gardiner *v.* The State, 33 Tex., 692.

*A. J. Peeler, Assistant Attorney General*, for the State, cited Paschal's Dig., art. 2440, and note; Paschal's Digest of Decisions, § 11257; Tharp *v.* The State, 28 Tex., 269.

IRELAND, ASSOCIATE JUSTICE.—The appellant was indicted for the theft of two hogs, the property of Nelson Burns.

There was a verdict of guilty, and his punishment fixed at forty-eight hours confinement in the county jail and a fine of twenty-five dollars.

There was a motion for a new trial, which was overruled, and defendant appealed.

The appellant's counsel assigns for error the fact that the court did not charge the jury as to the difference between trespass and theft. The charge of the court is a very full and fair one. The defendant's counsel asked no charge. If the charge of the court was not as full as it should have been, in the opinion of defendant, he should have asked additional charges, and, having failed to do so, he has no grounds of complaint. (O'Connell *v.* The State, 18 Tex., 363.)

The refusal of the court to grant a new trial is also assigned as error.

In the motion for a new trial the appellant assigns the refusal of the court to allow him to give in evidence his own declarations as to his ownership of the property after it was found in his possession.

We are not informed of the ruling of the court on that point in any other way than the allegation in the motion for a new trial. There is no bill of exceptions or information anywhere in the record of such ruling.

Had a bill of exceptions been saved, however, to such ruling, it could not have availed the appellant.

The declarations of an accused party, uttered at the time of the commission of an offense, forming a part of the *res gestæ*, may in some cases be given in evidence by himself, for the purpose of showing the motives that actuated him; but the declarations of a party after the commission of an offense, or after he is found with the property in possession, are not evidence in his favor. (Scroggs *v.* The State, 8 S. & M., 722; Noys *v.* Ward, 19 Conn. 250.)

This is a case of conflict of evidence, and the matters in issue having been fairly submitted to the jury, we cannot say that their finding is clearly wrong, and the judgment must be affirmed.

AFFIRMED.