| 3 | 51 |
| 30 | 338 |
| 32 | 454 |

---

## J. L. HARMON *v.* THE STATE.

1. EVIDENCE. — DECLARATIONS of the accused are competent evidence in his favor only when they were part of the *res gestæ;* that is, were made at the time of the transaction, and were expressive of its character, motive, or object.  Such declarations are regarded as verbal acts indicative of a present purpose, and, therefore, admissible in evidence.

2. SAME. — On trial for theft of cattle the accused was allowed to introduce

and prove a bill of sale for the cattle made to him by another, four days after he had taken and sold the cattle, and then he proposed to prove the conversation had by him with his alleged vendor at the time the bill of sale was made. *Held*, that such conversation cannot be regarded as part of the *res gestæ*, and, therefore, it was properly excluded.

3. Newly-discovered Evidence. — A new trial will not be granted on account of evidence which, with proper diligence, could have been, but was not, discovered before the trial; nor on account of evidence cumulative of that adduced at the trial.

4. Practice. — Objection to confessions because made in custody should be interposed when they are offered in evidence, and comes too late in a motion for a new trial.

Appeal from the District Court of Kaufman. Tried below before the Hon. W. Eblen, Special Judge.

The opinion states the case.

*J. J. Hill*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

White, J. Appellant was indicted for the theft of one heifer of the value of $7.00; was tried and convicted, and his punishment was assessed at two years' confinement in the penitentiary.

The defense relied upon in the trial was that defendant had purchased the animal from one Houston.

The facts necessary to an appreciation and understanding of the questions involved in the case may be succinctly and substantially stated as follows: Defendant and Houston, in company, drove this animal and another, on Monday, August 23d, to the town of Lawrence, where defendant sold them to Jacob Meyers, a butcher, and defendant on that day executed a bill of sale to Meyers describing the animals, their marks and brands, etc. Meyers paid him a portion of the purchase-money, and defendant handed part of it to Houston. Upon examination of the heifer, Meyers

found that she did not correspond with the description given of her in the bill of sale ; and, finding that the animal was the property of one King, he, on the 25th — two days afterwards — bought her of King and obtained King's bill of sale for her.   On the 27th Harmon, the defendant, came back to get the balance of the purchase-money.   Meyers told him he had made a mistake in the description of the animals in his bill of sale, and asked him to sign another bill of sale, which he (Meyers) had prepared, describing the cattle correctly.   Defendant said, " My God, have you not butchered the cattle yet?"   Meyers then went with defendant to the pen where the cattle were, when defendant said they were properly described in the second bill of sale, which he had signed.   Defendant then stated that the cattle belonged to Houston, and that he was employed to sell them, and was paid $2 per day.

Defendant introduced in evidence a bill of sale from Houston to himself, dated August 27th, for the cattle, and also evidence that Houston had paid him these cattle on a debt he owed him ; and he further proved that Houston had left the country immediately after executing to him the bill of sale.

The only bill of exceptions presented in the record is one saved by defendant to the refusal of the court to admit testimony offered by defendant of the conversation and declarations of defendant and Longley Houston on August 27th, at the time that Houston executed the bill of sale to defendant, and which bill of sale, it will be remembered, was executed four days after defendant sold the animals to Meyers.

The court did not err in refusing to admit the testimony. This bill of sale was put in evidence by the defendant, and he then sought to prove what he and Houston said at the time of its execution.   In other words, he sought to use their

declarations to each other, made four days after the animals were stolen, as evidence in behalf of the defendant. To stretch the rule admitting the declarations of a party in his own behalf to this extent would be but offering to thieves extraordinary opportunities to concoct and manufacture evidence to establish their innocence.

The rule admitting the declarations of a party in his own behalf confines the declarations to such as may legitimately be considered *res gestœ* — that is, those made at the time of the transaction, and expressive of its character, motive, or object. Such declarations are regarded as verbal acts indicating a present purpose and intention, and are, therefore, admitted in proof, like other material facts.     1 Greenl. on Ev., sec. 108. Upon the same principle, and as *res gestœ*, are the declarations of one charged with theft, made at the time when the property is first found in his possession, and which also may be given in evidence for or against him. *Perry* v. *The State*, 41 Texas, 483; *Ward* v. *The State*, 41 Texas, 612; *Shackelford* v. *The State*, 43 Texas, 138. And, even as to this latter proposition, which we think is but a humane and proper, as well as a correct, rule, it has been otherwise held by our Supreme Court in the case of *Powell* v. *The State*, 44 Texas, 63.

Defendant filed a motion and amended motion for a new trial, which were both overruled by the court. Newly-discovered evidence was the principal ground relied on in support of both motions. In our opinion both motions show want of due diligence on the part of defendant, and the evidence sought is mainly but cumulative of the testimony adduced on the trial. "No rule is, indeed, better settled than that a new trial will not be granted on the ground of newly-discovered evidence when with due diligence the party might have had the benefit of the evidence at the trial. 7 Yerg. 432; 6 Blackf. 496; 1 Blackf. 367; 18 Johns. 489.

Where matters might have been offered in evidence on the trial, but were not, they form no ground for granting a new trial.   3 Ired. 310." *Watts* v. *Johnson,* 4 Texas, 311.

When newly-discovered evidence is merely cumulative of the evidence adduced at the trial, it does not entitle the party to a new trial.   *Henderson* v. *The State,* 1 Texas Ct. App. 432 ; *Frizzel* v. *Johnson,* 30 Texas, 32.

Besides these objections to the motion and amended motion, the affidavit of the witness Long in support of the amended motion is too indefinite as to the time the transaction took place about which he deposes.   The court did not err in overruling these motions.

After these motions were overruled, defendant made another application for a new trial, based upon the ground that inadmissible evidence had been introduced by the state. The evidence complained of was that with regard to a statement in evidence made by him on August 27th, wherein he stated that the animals sold by him on the 23d belonged to Longley Houston, and that defendant was employed to sell them, and paid $2 a day.   The motion does not deny that defendant made this statement, and admits that defendant did not object to its introduction as evidence when offered on the trial. . But it is claimed that, at the time the statement was made, defendant was under arrest and in custody, and that, therefore, " it was not made under those circumstances which authorize confessions to be used against a party charged with crime."

This objection to the evidence is, doubtless, predicated upon the provisions of article 3127 of Paschal's Digest.   Such an objection comes too late, when presented for the first time on a motion for a new trial, even if it did not come in such questionable shape as it is presented in the record.   There was no evidence at all that he was under arrest at the time. Objection to the admissibility of the evidence should have been made when its introduction was proposed.   The court

did not err in overruling this " renewed motion for a new trial," as it is termed in the transcript.

The charge of the court was an able and concise exposition of the law applicable to the facts, and the facts are abundantly sufficient to support the verdict and judgment.

The judgment is, therefore, affirmed.

*Affirmed.*