BOB BEDFORD v. THE STATE.

No. 2407.    Decided June 8, 1902.

**1.—Assault to Murder—Charge as to Simple Assault.**

On a trial of assault with intent to murder, where it appeared that defendant and the assaulted party had had a difficulty in a saloon; that defendant ran out to his wagon, procured a pistol, and returning shoved it against the breast of the assaulted party and snapped it twice, when parties interfered, and he left; Held, the court did not err in refusing to charge on simple assault and displaying a dangerous weapon in a threatening manner calculated to alarm, there being no evidence that the pistol was unloaded.

**2.—Same—Unloaded Weapon—Burden of Proof.**

When the State has shown the presentation and snapping of a pistol at the prosecutor, the burden is on the defendant to show that the pistol was unloaded. The mere fact that a pistol does not fire when the trigger is pulled does not raise an issue requiring the court to charge on an unloaded weapon and the exhibition of the same in a dangerous manner calculated to alarm.

Appeal from the District Court of Fannin.    Tried below before Hon. Ben H. Denton.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Thos. P. Steger,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an assault with intent to murder and his punishment assessed at confinement in the State penitentiary for a term of two years; hence this appeal.

On the trial the State proved that appellant, who was a negro, entered a saloon where Joe East and two or three of his companions were drinking at the bar. Appellant insisted on taking a drink with them. East replied that they did not drink with negroes. Appellant uttered some epithet, which East understood to be cursing him, and he made at appellant, who ran out of the room. Appellant went to his wagon close by, evidently procuring a pistol, and returned; and as East was coming out of the saloon he encountered him, shoving his pistol against his breast, and snapped it twice, when some parties interfered and the negro left. On this state of case the court instructed the jury on assault with intent to murder and on aggravated assault. Appellant insists that the court should have charged on simple assault, and especially should have instructed the jury on that clause of the statute which authorized the jury to convict of a simple assault, if the assault was not of a deadly character, and appellant displayed a dangerous weapon in a threatening manner, calculated to alarm the party assaulted. If there had been any proof to the effect that the pistol was unloaded and appellant had presented the same in a threatening manner, with intent to alarm the prosecutor, East, it would have been incumbent on the court to have given the clause of article 592, on this subject, in charge to the jury. After the State proved the presentation of the pistol and the snapping of it at the prosecutor, the burden was on defendant to show that said pistol was unloaded. Caldwell v. State, 5 Texas, 18; Forrest v. State, 3 Texas Crim. App., 232. The mere fact that the pistol did not fire when appellant cocked it and pulled the trigger, but merely snapped, did not prove that the pistol was unloaded. It frequently happens that a pistol may snap when the hammer comes in contact with the cap the first time, but on a second application it may fire; or it may have been, in this case, that other chambers of the pistol were loaded. The proof of the fact that the pistol was unloaded was peculiarly within the knowledge of appellant, and the onus was on him to introduce evidence to this effect. From all the circumstances of the case, it is apparent that appellant was not actuated by an intent merely to alarm prosecutor, but sought to use the weapon in a manner that suggested that it was loaded and that he proposed to fire it with deadly effect. The mere fact that it did not fire, in our opinion, did not raise the issue requiring the court to charge on an unloaded weapon and the exhibition of the same in a dangerous manner calculated to alarm another. There is no exception to the charge of the court on the definition of a deadly weapon, describing the same as one capable of inflicting death or serious bodily injury. Indeed appellant requested a charge defining a deadly weapon in this manner, which was given by the court. There was no exception to this charge; nor, if it be conceded that the latter part of the definition as applied to assault with intent to murder is erroneous, on the ground that the weapon must be capable of inflicting death, and not merely of inflicting serious bodily injury, then no harm accrued to appellant, because the pistol as used, if it had been discharged, was unquestionably capable of producing death.

In addition to the charge on assault with intent to murder, the court also gave a charge on aggravated assault. We think the charge as given was sufficient. Appellant's whole contention in connection with simple assault, appears to turn on the fact that there was proof to the effect that the pistol was unloaded, and was not a deadly weapon. We do not regard the proof on this subject as making the issue of an unloaded pistol, and consequently appellant was not entitled to such charge on simple assault. The judgment is affirmed.

*Affirmed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]