## Sam Keller v. The State.

### No. 2715. Decided June 25, 1904.

**1.—Evidence—Local Option—Injunction.**

There was no error, in a trial for a violation of the local option law, to exclude the injunction proceedings pending in the district court, whereby it was sought to prevent the putting into operation of the local option law in the county.

**2.—Same—Notice of Election.**

It is not necessary that the notice of the election for local option should be a literal copy of the order for the election; it is sufficient if it is a substantial copy.

**3.—Same—Charge of the Court—Regularity of Election.**

A charge of the court that local option was in force in the county of the trial is proper, where no attack is made and evidence introduced by the defendant going to show that the election was not regular; the presumption being that it was regular until overcome by affirmative evidence that it was not.

**4.—Same—Evidence of Publication.**

Where there was evidence that the last publication for four successive weeks that the local option law would take effect was on the 16th of July, and the sale occurred on the 24th of that month, the law was in force on said last named date.

Appeal from the County Court of Grimes. Tried below before Hon. J. G. McDonald.

Appeal from a conviction for violating the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Haynes Shannon,* for appellant.—On proposition of contest pending in district court: Mayes v. State, 39 Texas Crim. Rep., 36.

On proposition of four weeks publication of the result of the election: Phillips v. State, 23 Texas Crim. App., 304.

On proposition of notice of holding local option election: Rev. Stats., art. 3387; Kramer v. State, 19 Texas Crim. App., 123; Boone v. State, 10 Texas Crim. App., 418; Prather v. State, 12 Texas Crim. App., 401; Akin v. State, 14 Texas Crim. App., 142; McMillan v. State, 18 Texas Crim. Rep., 375; Nelson v. State, 75 S. W. Rep., 502; Conley v. State, 75 S. W. Rep., 301; Frickie v. State, 39 Texas Crim. Rep., 254; Smith v. State, 19 Texas Crim. App., 444; Irish v. State, 34 Texas Crim. Rep., 130; James v. State, 21 Texas Crim. App., 353-356; James v. State, 21 Texas Crim. App., 189; Shields v. State, 38 Texas Crim. Rep., 252; Kenedy v. State, 23 Texas Crim. App., 77.

On the proposition of the court's charge that the law was and is now in effect in Grimes County on the 24th day of July, 1903: Jones v. State, 43 S. W. Rep., 981; Gaines v. State, 37 Texas Crim. Rep., 73; Chapman v. State, 37 Texas Crim. Rep., 167; Shields v. State, 38 Texas Crim. Rep., 252; Bowman v. State, 38 Texas Crim Rep., 14; Frickie v. State, 39 Texas Crim. Rep., 254.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction is for violating the local option law in force in Grimes County, the penalty affixed being a fine of $25 and twenty days in the county jail.

Appellant urges error in regard to the court's refusal to permit him to introduce in evidence injunction proceedings pending in the district court, wherein it was sought to prevent the putting into operation of the local option law in Grimes County. We think this question is sufficiently discussed in Lively v. State, 7 Texas Ct. Rep., 964; Ex parte Tom Woods, decided at the present term. Under these two cases there was no error.

It is contended that the notices of the election are not sufficient. This is an exact copy of the notice under discussion: "Special Election Notice. Pursuant to an order of the Commissioners Court of Grimes County, Texas, notice is hereby given that a special election will be held on Saturday the 13th day of June, 1903, at North Navasota, in election precinct No. 3 in Grimes County, Texas, for the following purposes, to wit: To determine whether or not the sale of intoxicating liquors shall be prohibited in said county of Grimes. (Signed) John T. Prestwood, Clerk County Court, Grimes County, Texas. (Seal.)" In this connection the evidence shows there were fourteen election precincts in the county, and that an exact duplicate of this order was sent to each one of them, with the exception that where "North Navasota, in election precinct No. 3," occurs in the notice copied, the number and name of each box was inserted to which the notice was sent. The county judge also made out fourteen notices and sent one to each of these boxes. So we have from the facts the character of notice above copied, differing only in the name of the box inserted, sent out by the clerk and a duplicate of each sent out by the county judge; in other words being a duplicate set of notices of the character above set forth. The contention is that this is not a copy of the order of the commissioners court. It is not a literal copy. A literal copy of the order would have shown that the election was ordered for the 13th of June, 1903, to determine whether or not the sale of intoxicating liquor shall be prohibited in Grimes County; and that the election shall be held at the various voting places in the county, setting out the fourteen voting precincts; and further mentioning the judge of the election at each voting precinct. We have held that it was not necessary to state in the notice the name of the presiding officer at the different voting precincts. In regard to the voting precincts, whether it is necessary to mention that or not will not enter into this case, because each notice specifically mentions the voting box at which the election was to be held, and as a notice was sent to each box this would be sufficient, because the notice sent to the individual box specifically mentions that voting box. While the notice sent out and above mentioned is not a literal copy, we are of opinion it was a substantial copy of the order.

The court instructed the jury that local option was in force in the county. It is suggested this was error because it was not shown that

these notices were actually posted. Since Irish v. State, 34 Texas Crim. Rep., 130, it has been held that where there has been no issue raised as to the regularity of the election, this character of charge is correct; and it has been further held that all presumptions will be indulged in favor of its regularity, unless the election has been attacked by defendant and evidence introduced going to show that the notices were not posted. This evidence must be of an affirmative character to overcome the presumption. See 37 Texas Crim. Rep., 167, 221; 38 Texas Crim. Rep., 14, 252; 39 Texas Crim. Rep., 254. Under these authorities the burden is cast upon the party attacking. It is not sufficient to meet this in a negative way. It has been held in some of the cases, where the evidence simply shows the clerk turned over the notices to other parties to be posted, this is not sufficient to meet a prima facie case made under the order declaring the local option in force or to raise that issue. This in no way militates against another line of decisions which holds that where there has been a contest and evidence introduced sustaining that contest to the effect that the notices were not actually posted, the judge must submit this as an issue of fact to be found by the jury. These two lines of decisions are well marked, and have been observed by this court in numerous cases. We are of opinion there is nothing in this suggested error.

It is contended that the publication was not of sufficient length of time. The last publication of this paper is shown to have been on July 16th; the sale occurred on July 24th. We hold that the evidence is sufficient to show that the publication had been made for the four successive weeks as required, and that the law was in force. Finding no error in the record authorizing a reversal of the judgment, it is accordingly affirmed.

*Affirmed.*