## William Teague v. The State.

No. 3590. Decided May 29, 1907.

**1.—Local Option—Permitting Liquor to be Drank on Premises—Order for Local Option.**

Upon trial for a violation of the Act of the Twenty-ninth Legislature, page 91 (Laws 1905) prohibiting the drinking of liquor where the same is stored in local option territory, where the record showed that the order putting local option into effect was regular and had been published according to law, there was no error in the court's instruction to the jury that local option was in effect in said territory.

**2.—Same—Evidence—Character of Defendant's Business.**

Where upon trial for permitting persons to drink intoxicating liquor upon the premises where it was stored in local option territory, the State introduced testimony as to the business defendant was engaged in, as that of taking orders for whisky in local option territory and to store the same for customers, there was no error.

**3.—Same—Charge Refused—Employe—Knowledge of Defendant.**

Where upon trial for permitting intoxicating liquors to be drank in the place of business where they were kept for storage in local option territory, the evidence showed that defendant's clerk gave such permission while defendant was not present, etc., the court should have charged as requested that the jury must believe beyond a reasonable doubt that the defendant knew or had good reason to know of such act of his employee at the time it was committed; and this, although an affirmative charge on this issue, had been given.

Appeal from the County Court of McCulloch. Tried below before the Hon. C. A. Wright.

Appeal from a conviction of a violation of the local option law, in permitting intoxicating liquor to be drank on premises; penalty, a fine of $25 and twenty days confinement in the penitentiary.

·The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted under the Act of the Twenty-Ninth Legislature, page 91, Laws of 1905, which prohibits a person, firm or association of persons, agent or employee of such persons, engaged in the business of storing intoxicating liquors, in a local option territory, from permitting same to be drunk within the place of business of such person, firm or association of persons, their agents or employees. The information alleged that Virgil Applewhite and William Teague were engaged in the business of keeping and storing intoxicating liquors for others in McCulloch County, which had adopted local option, and that they permitted one Ben Strickland to drink intoxicating liquors in their place of business. During the trial the State, as part of its case, introduced ·the· proceedings and orders of the commissioners court bringing about said local option election, and the published order declaring the result. These proceedings do not appear to have

been objected to, and the court instructed the jury that local option was in effect in McCulloch County. This charge was excepted to by appellant on the ground that there was a controversy as to whether said local option election was legal, and the result properly declared. We have heretofore held that similar proceedings showing an election in McCulloch County were legal, and that the order declaring the result and the publication thereof as shown in the record put local option into effect. See Neal v. State, No. 3566, decided at the present term of the court. Where the order putting local option into effect is regular, and has been published according to law, as is shown by this record, we have held that it was competent for the court to instruct the jury that local option was in effect in the territory. See Shields v. State, 42 S. W. Rep., 398.

The State introduced T. L. Sansom, Henry Miller, and others, and a bill of exceptions shows that they were asked by the State's counsel what business defendant was engaged in, to which the witnesses answered the business of taking orders for whisky in the town of Brady, to which question and answer sought to be elicited defendant then and there objected, for the reason, same was immaterial and irrelevant, tended to prove no issue involved in the cause, and was calculated to mislead and confuse the jury. We believe that this testimony was competent as a part of the case against appellant. True, he was not charged with taking orders for whisky in a local option territory, nor was that an offense, but it appears to have been, according to some of the witnesses, a part of his business to take such orders, and to receive the whisky when it arrived, and to keep same on storage for his customers. This is the method by which the whisky was received, and was necessarily a part of the evidence leading up to the case.

Appellant requested the court to give the following instruction to the jury: "You are instructed that if you believe from the evidence that one Babe Huff on or about the time alleged in the information, was an employee of the defendant Wm. Teague, and that the said Babe Huff did permit and allow one Stephen Duke, Ben Strickland and Arthur Salter or any other person to drink intoxicating liquors in defendant's place of business, then in order to convict the defendant Wm. Teague, for said act of his employee Babe Huff, you must believe from the evidence beyond a reasonable doubt that the defendant knew or had good reasons to know of such act of his employee at the time said act was committed." This requested charge was refused, and this is assigned as error. The charge against appellant was permitting Ben Strickland to drink intoxicating liquor in his place of business, and the proof on this point, on the part of the State, showed that Salter owned a bottle of whisky, which appellant had in charge for him, or rather that was at appellant's place of business for him, and that Salter came to the place of business of Strickland, and told him that he had a bottle of whisky up the street, and asked him to go with him and get a drink of it; that they went up to defend-

ant's place of business, and Salter told Babe Huff, who was in charge of the business, to give him that bottle he had left there a while ago; Huff did so. Salter then told him to give him some glasses, which he did, and they took a drink of whisky out of the bottle; they drank there in defendant's place of business. On cross-examination this witness says: "I don't know how long this bottle of whisky had been there. This was the only drink of whisky I ever took in this place. Never took one there before that date nor since then." Salter testified to about the same effect with reference to who let him have the bottle, and who was present at the time they drank it; that Babe Huff, who was an employee of appellant, handed the bottle to him, and that he and Strickland took a drink out of the bottle at appellant's place of business. He further stated defendant was not in his place of business at this time, but Babe Huff, his clerk, waited on them. It is insisted, on the part of the State, notwithstanding this testimony and this requested charge, that the charge of the court on this issue was sufficient. The court's charge is as follows: "If you believe from the evidence beyond a reasonable doubt that Wm. Teague, engaged in keeping intoxicating liquors, etc., for others, and that he did on or about the 25th of January, 1907, permit or allow his clerk to permit Ben Strickland to drink whisky within such place of business, then to find defendant guilty," etc. This was an affirmative charge which, of course, instructed the jury as to the contingency on which they were authorized to convict appellant; that is, if they believed beyond a reasonable doubt that he allowed his clerk to permit Strickland to drink whisky within his place of business to find him guilty. However, we think, under the peculiar circumstances of this case, there being no direct proof that appellant was present, or had knowledge that Salter and Strickland drank whisky in his place of business, or that Babe Huff permitted them to drink whisky in his place of business, but the proof, in this respect, being of a circumstantial character, it was incumbent on the court to have given this requested special instruction in order to have drawn the minds of the jury directly to his defense of a want of knowledge; that is, while they could only convict him if they believed he had such knowledge, they should have been instructed if they had a reasonable doubt whether or not he knew that Babe Huff permitted the liquor to be drank and consented thereto, to acquit appellant.

We do not deem it necessary to discuss other questions raised in this case. For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded*