## JIM WEEKS v. THE STATE.

No. 1483. Decided January 3, 1912.

**Local Option—Occupation—Intoxicating Liquors—Indictment.**

Where, in a prosecution of unlawfully engaging in and pursuing the occupation and business of selling intoxicating liquors in local option territory, the indictment followed approved precedent, the same was sufficient. Following Slack v. State, 61 Texas Crim. Rep., 372, and other cases.

Appeal from the District Court of Brown. Tried below before the Hon. John W. Goodwin.

Appeal from a conviction of unlawfully pursuing the business of

selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of unlawfully engaging in and pursuing the occupation and business of selling intoxicating liquors in violation of the local option law, and was allotted two years in the penitentiary by the verdict of the jury.

It is contended the indictment is insufficient, and does not charge an offense against the law. The writer is firmly of the opinion that the contention is correct, but the majority of this court has decided the other way in Slack v. State, 61 Texas Crim. Rep., 372, 136 S. W. Rep., 1073; Bell v. State, 62 Texas Crim. Rep., 242, 137 S. W. Rep., 670, and Dozier v. State, 62 Texas Crim. Rep., 258, 137 S. W. Rep., 679. These cases overrule the previous opinions of this court. Under the opinions of the majority above cited, the indictment is held sufficient.

There is no evidence in the record; and the judgment will be affirmed.

*Affirmed.*