JOHN SIPANEK v. THE STATE.

No. 9039. Delivered April 29, 1925.

1.—Possessing Intoxicating Liquor—Witness—Co-principal—Cannot Testify.

Where appellant offered his wife as a witness, and it was disclosed that she was at the time under indictment for the same offense, under Art. 791, C. C. P. the court properly refused to permit her to testify.

2.—Same—Evidence—Conduct of Co-Principal—Admissible.

Where the testimony disclosed that the wife of appellant was a co-principal with him in the possession of the intoxicating liquor, testimony showing her conduct in secreting, the whisky, was admissible against him. Following Pierson v. State, 18 Tex. C. A. 561 and other cases cited in Branch's Ann. P. C., Sec. 561, Subdiv. 3.

3.—Same—Evidence—of Other Offenses—Held Admissible.

Testimony of the witness Malone that he had bought whisky from the appellant, and his wife, when they resided at their former dwelling place was

*properly received.* The transactions being within the period of limitation, were available to the state as a basis for a conviction under the averments in the indictment. The law did not confine the state to the particular transaction in which the whisky was found at the time of the search.

#### 4.—Same—Witness—Conviction of Felony—How Proven.

Oral proof of the conviction of a witness of a felony is not admissible to disqualify him as a witness; for this purpose only the judgment of conviction is competent evidence. Following Cooper v. State, 7 Tex. C. A. 198 and other cases cited. Oral proof, however, of the conviction of a witness of a felony is admissible for the purposes of impeachment. Following Lights v. State, 21 Tex. C. A. 313 and other cases cited.

#### 5.—Same—Witness—Pardon of Felon—How Proven.

Where it is shown on a trial that a witness has been convicted of a felony, parole evidence that he has been pardoned, is not admissible. The pardon itself must be produced. Following Schell v. State, 2 Tex. C. A. and other cases cited.

#### 6.—Same—Witness—Pardon of Felon—Effect of.

An unconditional pardon of one convicted of crime, restores his competency as a witness, but does not remove the stigma of conviction. Thus where one who has received a full pardon, is used as a witness, proof of his conviction of a felony may be made as a discrediting fact, notwithstanding the pardon. Following Bennett v. State, 24 Tex. C. A. 79. Also see Wharton's Crim. Ev. 8th Ed., Sec. 489; Greenleaf on Ev., 13th Ed., Sec. 377.

Appeal from the District Court of Matagorda County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for the unlawful possession of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*W. S. Holman,* of Bay City, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

The premises of the appellant were searched and a gallon and a half of whisky found in the plowed ground about 100 feet from his dwelling. At the time of the search, he was on the side of his house doing some work upon a window. The circumstances detailed by the officers who made the search were such as justified the jury in concluding that the wife of the appellant, after the arival of the officers, carried the whiskey mentioned from a little outhouse and placed it in the field, throwing an apron over it to hide it. About 100 yards from the house were found some empty molasses cans and two five-gallon cans which appeared to have been smoked. At the

time of the transaction, appellant resided upon the premises of the witness Malone who claimed that the appellant had not received permission to occupy the house in which he was living. Appellant and his family, consisting of his wife and three children, had recently moved to a house about 300 yards distant from where they had previously resided. The witness Malone testified that at the former dwelling-place, he bought a gallon of whisky from the appellant's wife in the presence of the appellant; that upon another occasion he brought a quart of whisky from her and paid the money to the appellant.

Another witness by the name of Gale testified that he had moved certain jugs, bottles and a copper kettle from the previous dwelling-place of the appellant to that which he occupied at the time of his arrest, and that these were moved at the request of the appellant, who at the time stated that he had made whiskey in the copper kettle. Gale also testified that he did work for the appellant in consideration for whisky. The testimony of Gale, as well as that of Malone, was denied by the appellant.

The wife of the appellant was offered by him as a witness but rejected upon the ground that she was indicted for the same offense. She was not available as a witness for the appellant. Under the facts as we understand them, she was precluded from testifying in his behalf by reason of Art. 791, C. C. P.

The testimony tending to show that she acted with the appellant in the possession of whisky for the purpose of sale and in hiding it upon the present occasion, justified the receipt in evidence of the testimony showing her conduct. The evidence led to the conclusion that she was a co-principal, and her conduct in secreting the whiskey which, according to the State's theory was in the joint possession of herself and the appellant, was admissible against him. See Pierson v. State, 18 Texas Crim. Rep. 561; and other cases cited in Branch's Ann. Texas. P. C., Sec. 695, subdivision 3.

The testimony of the witness Malone that he had brought whisky from the appellant and his wife when they resided at their former dwelling-place was not improperly received. The transactions related by him were within the period of limitation and were available to the State as a basis for a conviction under the averments in the indictment. The law did not confine the State to the particular transaction in which the whisky was found on the premises of the appellant at the time of the search.

When the witness Gale was offered by the State, appellant proved by him that he had been convicted of a felony and sent to the penitentiary. This proof was offered to disqualify the witness. State's counsel, however, objected to its receipt for that purpose but conceded its admissibility for the purpose of discrediting the witness.

In order to disqualify the witness, it would have been necessary for the appellant, in the face of the objection mentioned, to have produced the judgment of conviction. Cooper v. State, 7 Texas Crim. App. 198; Perez v. State, 8 Texas Crim. App. 610; White v. State, 37 Texas Crim. Rep. 177, and other cases collated by Mr. Branch in his Ann. Tex. P. C., Sec. 18. Oral proof of the conviction of the witness Gale was admissible, however, for the purpose of impeachment. Lights v. State, 21 Texas Crim. App. 313; Carroll v. State, 32 Texas Crim. Rep. 433; and other cases collated in Branch's Ann. Tex. P. C., Sec. 167. The witness was permitted on re-direct examination, over the appellant's objection, to give oral testimony to the effect that he had been pardoned. If relevant, the pardon should have been proved by the Governor's proclamation and not by parole testimony. From Cooper's case, *supra*, we quote: ·

"Authority to grant pardons in Texas is conferred upon the governor by the eleventh sect. of art. 4 of our Constitution. When granted, 'a pardon may (and should) be proved by production of the charter of pardon under the great seal of the State.' Schell v. The State, 2 Texas Ct. App. 30; Roberts v. The State, 2 Overt. 423; The State v. Blaisdell, 33 N. H. 388; 1 Green on Ev., sect. 317. In case of loss of original, the proof may be made by certified copy under the great seal of the State."

See also Schell v. State, 2 Texas Crim. App. 30; Hunnicutt v. State, 18 Texas Crim. App 520; 51 Amer. Rep. 533. The relevancy of a pardon, in the mind of the writer, is questionable. An unconditional pardon of one convicted of crime restores his competency as a witness, but does not remove · the stigma of conviction. Thus, when one who has received a full pardon is used as a witness, proof of his conviction may be made as a discrediting fact, notwithstanding the pardon. Wharton's Crim. Ev., 8th Ed. Sec. · 489. See also Bennett v. State, 24 Texas Crim. App. 79, in which it is said:

"A pardon * * * removes the disability, but does not change the common law principle that the conviction of an infamous offense is evidence of bad character for truth."

See also Greenleaf on Ev., 13th Ed., Sec. 377. Evidence of the pardon having improperly received, the effect of the error becomes a subject of inquiry.

According to the evidence which is not controverted, the appellant's eyesight was impaired to a degree with partially disabled him. He could go about the premises but could do no work which required close attention. It seems from the testimony of the State's witness Malone that the appellant's wife was the principal actor, and it was from her conduct in removing and hiding the whisky which impressed the officers who made the search. The witness

Gale, however, testified to a contract with the appellant to exchange whisky for services; also to an admission by the appellant that he had manufactured whisky. By his testimony, appellant controverted the evidence given by both Gale and Malone and declared that Malone was an enemy, stating certain facts upon which he based that statement. What weight the jury gave to the testimony of the appellant and to each of the State's witnesses is, of course, a subject of conjecture. Appellant testified that he had given his wife no authority and had no knowledge of the fact that she possessed the whiskey that was found upon the premises at the time of the search. It is impossible for us to determine with certainty whether the evidence improperly received prejudiced the appellant's case in the minds of the jury. In their opinion, it probably tended to support the witness Gale, and to that degree was calculated to injure the appellant. As to whether it did so being doubtful, we feel constrained to resolve the doubt in favor of the appellant, and order a reversal of the judgment.

*Reversed.*