Juanita JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 42588.

Court of Criminal Appeals of Texas.

March 4, 1970.

Rehearing Denied April 22, 1970.

---

1. Eddie Smith was shown to be dead at the time of this trial.

John H. Regner, Houston, for appellant.

Carol S. Vance, Dist. Atty., James Brough and Ted Hirtz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

In a joint trial with Almo Johnson, the appellant, Juanita Johnson, was convicted for the offense of robbery by assault; her punishment of ten years was assessed by the jury.

The record reflects that Juanita Johnson was walking on South Main Street in Houston at approximately midnight. The complainant, a twenty-eight year old man, drove by and made a "date" with her. They drove to the Penrod Motel where she got out of the car and rented the room. After they entered the room, the price of the "date" was discussed. They heard a loud knocking on the door. Juanita Johnson opened the door and Almo Johnson, the co-defendant, entered the room, pointed a pistol at, and demanded money from, the complainant. He took a watch, a ring and $15.00 from the complainant, cursed him and asked where the rest of the money was. He then searched the complainant thoroughly, even his socks and shoes. The complainant testified that "[S]he (Juanita Johnson) was just standing there and kept telling me that I had more money and she kept telling me that I had better do it, that he means business."

In the meantime, the operator of the motel had seen Almo Johnson go to the room and had called the officers. When the officers drove up, Almo Johnson returned the ring and watch and hid the pistol under the mattress.

The complaining witness testified that he parted with the watch, ring and money because he was in fear of his life or serious bodily harm.

The officers testified that they went to the room and talked to the co-defendants and the complainant and found the gun under the mattress.

Almo Johnson testified that he happened to be at the Stadium Drive-In, next door

to the Penrod Motel, when a friend called "Mosquito" told him that he had seen Juanita go there with a man. He then borrowed a pistol from "Mosquito" to get his wife out of the room. He testified that he did not take the watch, ring or the money, and that he hid the pistol when the officers arrived, because it did not belong to him. He further testified that he and Juanita had obtained a license and were married in Louisiana and had a child as a result of the marriage.

Juanita Johnson testified that she and her common-law husband (Almo Johnson) had argued and had decided to separate. She left the house and later in the evening caught a ride to Main Street and stood at a bus stop momentarily. While she was there, complainant drove around the block, stopped and talked about a date with her; they finally agreed upon the price of $15.-00. She suggested that they go to the Penrod Motel. When they arrived, he gave her money to pay for the room; they went to the room, talked for a while, undressed and had the date, for which he paid her $15.00. Then suddenly her husband started banging on the door and that he kept knocking until he broke in. Her husband hit her, and she ran outside where she saw the policemen. She testified that she had lived as the common-law wife of appellant for about two years and later stated that they had lived together six months or less, and that Almo had lied when he testified that they had been married for three years and had a child as a result of that marriage.

In the first ground of error, it is contended that reversible error was committed on cross-examination when she was asked if she had ever been convicted for being a prostitute. Appellant's counsel objected to the question: "Your Honor, I would like to object to that question there. I don't think that a city violation would encompass our questioning in that respect." The objection was overruled. She testified that she paid a fine for soliciting a male in the 400 block of Milam, and that she had paid a fine for vagrancy for prostitution for an arrest that occurred on the 2700 block of Crawford.

No reversible error is shown, because this Court has held that convictions for vagrancy for being a common prostitute or being an inmate in a house of prostitution involved moral turpitude and could be used for impeachment. See Evans v. State, Tex.Cr.App., 401 S.W.2d 602; McIntosh v. State, 91 Tex.Cr.R. 392, 239 S.W. 622, and 62 Tex.Jur.2d, Sec. 271, p. 243. Appellant relies upon Etchieson v. State, 172 Tex.Cr.R. 606, 361 S.W.2d 711. In that case the rule that convictions for vagrancy for being a common prostitute may be used to impeach a witness is recognized and the case was decided on other grounds.

Appellant's counsel also stated: "We object to any impeachment along this line, unless we can prove it by a Court record, which would be the best evidence."

In 62 Tex.Jur.2d, Sec. 276, p. 256, is found:

"Although the best evidence rule does not afford ground for objecting to a question designed to procure an admission from the witness as to a conviction against him, since that rule has no application in those circumstances, the rule does not exclude oral proof of a conviction otherwise than by an admission of the witness himself * * *."

Further, no reversible error is shown, because appellant had previously testified on direct that she would not take the offer of $5.00 for a date but accepted when she was offered $15.00 and that she had told the complainant that she dated once in a while. She, by her own testimony, had shown that she was a common prostitute. The first ground of error is overruled.

Appellant next complains that she was denied a speedy trial.

 The indictment was filed March 21, 1967; the trial was started January 3, 1968. No request for a speedy trial appears in the record. A docket entry shows bond forfeiture proceedings were had on October 5, 1967, and a new bond was set. Here appellant prevented a trial. In the absence of a showing that appellant requested a speedy trial, no error is shown. See Ex parte Jones, Tex.Cr.App., 449 S. W.2d 59, and the authorities therein cited. The second ground of error is overruled.

 In the last ground of error, it is contended that the evidence is insufficient to support the conviction. The evidence considered in the light most favorable to the State shows that she acted with Almo Johnson as a principal in the robbery and is sufficient to support the conviction.

The judgment is affirmed.