Robert SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 42935.

Court of Criminal Appeals of Texas.

June 10, 1970.

Richard D. Naylor, Pecos, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, 4 years.

Trial was before a jury on a plea of not guilty. The punishment was assessed by the court.

Appellant's ground of error Nos. 3 and 4 present the contention that the evidence is insufficient to sustain the conviction.

Viewed from the standpoint most favorable to the jury's verdict, the evidence reflects the following:

On July 10, 1969, the prosecuting witness, Justo Dominguez, closed his service station in Pecos around 9 P.M. He left the cash register open but checked all his doors to make sure they were locked. The police called him to the service station and when he arrived, about 11:30 P.M., the police were there. He gave no one permission to break into his business. It was broken into that night.

Appellant was found in the building by Officer Jim Wilson who noticed that the window on the north side was broken out and saw a man standing in the window. He entered through the window and brought appellant out through it.

Certain articles marked and introduced in evidence as State's Exhibits were identified by the prosecuting witness as articles that were missing from the cash register, and by Deputy Sheriff Phelps as articles that he took from appellant's shirt pocket when he searched him, after he was brought out of the service station through the broken window. Officer Phelps testified that he knew the window "was broken out" within the preceding 24 hours because, as a part of his job, he was behind the building the night before and the window "was in".

Appellant testified that he ran to the service station when he heard a shot and thought somebody was shooting at him;

that the window was already broken and he went through it into the building when he heard another shot. He denied that he went to the cash register; that he ever had the articles identified by Officer Phelps and the prosecuting witness on his person, and denied that Officer Phelps got them out of his shirt pocket.

It is apparent from the verdict that the jury did not accept appellant's testimony as true.

Ground of error No. 2 complains of the admission of the testimony of Officer Wilson to the effect that he observed a person other than appellant standing in the broken window and that such person was not in the courtroom—"He was on trial last week." The court overruled the motion for mistrial but cautioned the witness (in the absence of the jury) not to refer to what disposition was made of the co-defendant. No motion to withdraw the answer of the witness or to instruct the jury to disregard the answer quoted was made.

The evidence is deemed sufficient to sustain the jury's finding that the building was entered by force with intent to commit theft, as charged in the indictment.

Grounds of error Nos. 2, 3 and 4 are overruled.

Appellant's first ground of error complains of the overruling of his motion for mistrial because appellant, on cross-examination, was required to admit over objection that he had received a three year probated sentence for burglary of an automobile the year preceding the trial.

The term of probation not having expired, proof of such conviction was admissible for purpose of impeachment. Art. 38.29 Vernon's Ann.C.C.P.; Rayford v. State, Tex.Cr.App., 423 S.W.2d 300.

Ground of error No. 5, which complains that the court erred in failing to limit the testimony as to the prior probated sentence, does not reflect reversible error in that no such limiting charge was requested and no objection to the omission of such charge was made. Dennis v. State, Tex.Cr.App., 420 S.W.2d 940.

The judgment is affirmed.