**Robert SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43611.**

Court of Criminal Appeals of Texas.

April 7, 1971.

W. F. Leigh, Pecos, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

The record reflects that on September 19, 1968, the appellant waived trial by jury, entered a plea of guilty before the court to an indictment charging the offense of breaking and entering a motor vehicle. His punishment was assessed at three years but the imposition of the sentence was suspended ·and the appellant was placed on probation. Among the conditions of probation imposed was the requirement that the appellant

"(1) * * *

"(2) Commit no offense against the laws of this or any other state or the United States * * *."

On June 30, 1970, the State filed a motion to revoke probation alleging that the appellant had been convicted of burglary in Reeves County on October 28, 1969, and assessed a punishment of four years.

At the hearing on the motion to revoke probation, the State offered evidence that during the probationary period the appellant had been convicted of burglary with intent to commit theft (committed on July 10, 1969) in Cause No. 3074 in the 143rd District Court of Reeves County; that said conviction was appealed to the Court of Criminal Appeals and affirmed. See 455 S.W.2d 282.

Testifying in his own behalf appellant admitted his burglary conviction but contends that he did not receive a fair trial in said Cause No. 3074 and related that keys to the burglarized service station were obtained from another person by two officers and used to convict him.

Following the hearing the court revoked probation and imposed sentence.

Appellant offered no other testimony than his own to support his contention that improper evidence was used. An examination of the record in 455 S.W.2d 282 reflects that the appellant was discovered inside the burglarized service station and when searched, keys belonging to the station's cash register, etc., were found on his person. Testifying in his own behalf at such trial the appellant denied before the jury there were any keys discovered on his person at the time of his arrest. As noted in the opinion, it is apparent the jury did not accept his version of the facts as being true.

The trial judge who presided at the hearing on the motion to revoke probation was also the trial judge at the previous burglary trial.

We deem the evidence offered at the revocation hearing sufficient to support the action of the court. No abuse of discretion is shown.

The judgment is affirmed.

