**Prescott Allen MARTIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45708.**

Court of Criminal Appeals of Texas.

Feb. 21, 1973.

Rehearing Denied April 11, 1973.

Robert B. Maloney and David L. Loving, III, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of assault with intent to murder without malice. The jury assessed punishment at three years.

Appellant's sole contention is that the trial court erred in overruling his motion for mistrial in that the state improperly impeached a defense witness with evidence inadmissible under Article 38.29, Vernon's Ann.C.C.P.

Mary Tyler testified that she went to Joan Martin's house, intending to spend the night, and that she took with her a .38 caliber pistol which she stated was inoperative. She testified that she watched television in Miss Martin's bedroom for a period of time, heard a knock at the front door, and upon answering found appellant. Appellant had a pistol tucked in his belt and a can of beer in his hand. She and appellant went upstairs to Miss Martin's bedroom. As appellant, Miss Tyler and Miss Martin were seated on the bed, a "tussle" began between appellant and Miss Tyler. Miss Tyler was able to free herself from appellant's grasp, but was knocked to the floor in the process. She testified that appellant kicked her as she lay on the floor and then fired his pistol, wounding her in the neck. She further testified that appellant asked her to say the shooting was an accident. She was taken to the hospital by appellant and others.

G. A. Thompson, a detective with the Homicide Division of the Dallas Police Department, testified that he talked to Joan Martin, and she told him appellant and Miss Tyler were in a "scuffle" when Miss Tyler was shot.

Defense witnesses were Fannie Thomas, Joan Martin and Thomas Tunson.

Fannie Thomas testified that she saw Miss Tyler at the hospital the morning after the shooting; that Miss Tyler first said she did not know who had shot her, then said the shooting was an accident, and then said appellant told her to say it was an accident.

Joan Martin testified that she and Miss Tyler were drinking beer at a friend's house; that later that night she had a fight with her boyfriend, Thomas Tunson, during which Miss Tyler was present; and that the shooting of Miss Tyler was the result of the "tussle" between appellant, herself and Miss Tyler. She testified that the gun discharged as Miss Tyler slid off the bed, and when appellant reached for the gun that made it discharge, wounding Miss Tyler.

Thomas Tunson testified that he knew Mary Tyler carried a pistol, that she had one in her possession on the afternoon of October 2, 1970, and "pulled" it on him that afternoon at Joan Martin's house during an argument he was having with Joan Martin. The defense rested its case and Tunson was then recalled by the state.

At this juncture, the state impeached Tunson's testimony in the following manner:

"Q. Are you also one and the same Thomas Jewell Tunson who on October the 18th, 1960 in Dallas County, in the cause of D–1653–I, for the criminal offense of robbery, was duly, lawfully and finally convicted on October the 18th, 1960?

A. I got a provation (sic) and I lived it out.

Q. Are you one and the same who was convicted?

A. Yes, sir.

MR. MALONEY: Objection, Your Honor. At this time I'm going to move

the Court for a mistrial, if there was a probated sentence that was lived out; such was improper impeachment and bad faith on the part of the prosecutor.

THE COURT: Well, I'll overrule your objection at this time."

The state then, without objection, impeached Tunson's testimony by showing his conviction for the offenses of child desertion and misdemeanor theft.

Tunson was then questioned by appellant, outside the presence of the jury, for the purpose of perfecting his bill of exception. The witness testified that his five-year sentence for robbery was probated on October 18, 1960; and that he served out his probation period without a revocation.

James Rolfe, Assistant District Attorney, testified that he was assigned with Jim Johnson in the prosecution of this case; that after Tunson had testified, he checked the records at the District Attorney's office and found that Tunson had been convicted of robbery, received five years, and that the records he checked did not show that the sentence had been probated. He testified that he acted in good faith when he told the prosecutor at trial to use the robbery conviction for impeachment. However, he also stated that the defense attorney told him, prior to the use of the conviction, that the sentence had been probated, and that he did not check the clerk's office. The records of the clerk's office, indicating that probation had been granted, that the period of probation had expired and the conviction had been set aside, were shown to the trial judge. The judge then announced that he would instruct the jury not to consider the robbery conviction for any purpose. Appellant's motion for a mistrial was overruled.

 The jury was returned to the jury box and instructed not to consider the robbery conviction for any purpose. The state was permitted to further question the

witness with regard to the conviction for the misdemeanor offense of theft and of child desertion. Any complaint that appellant may have had to the impeachment by use of the child desertion conviction was waived by not timely objecting to the same. Coleman v. State, Tex.Cr.App., 481 S.W.2d 872. The use of the conviction for the offense of misdemeanor theft was proper as it is an offense involving moral turpitude. Article 38.29, V.A.C.C.P.

Appellant's complaint concerning the use of the robbery conviction to impeach his witness' testimony presents a different problem. Article 38.29, supra, reads as follows:

"The fact that a defendant in a criminal case, or a witness in a criminal case, is or has been, charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State, of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or complaint a final conviction has resulted, or a suspended sentence has been given and has not been set aside, *or such person has been placed on probation and the period of probation has not expired.* In trials of defendants under Article 36.09, it may be shown that the witness is presently charged with the same offense as the defendant at whose trial he appears as a witness." (Emphasis supplied.)

Referring to Article 38.29, supra, this court, in Goad v. State, Tex.Cr.App., 464 S.W.2d 129, at 133, stated:

". . . The foregoing statute prohibits the use of a criminal charge unless the same has resulted in a final conviction except where a suspended sentence has been given and not set aside or probation granted and the period of probation has not expired. Rayford v. State,

Tex.Cr.App., 423 S.W.2d 300. Certainly a prosecutor cannot in good faith inquire about a prior conviction for impeachment purposes if he knows that probation has been granted and the period of probation has expired. There is nothing in this record, however, to show the period of probation, or the fact that it had expired or that the prosecutor was aware of such expiration."

In Parker v. State, Tex.Cr.App., 384 S.W.2d 712, the question was raised as to whether the accused was properly impeached by the use of a burglary conviction for which he had been placed on probation, where the probationary period had expired, and the court had set aside his conviction and dismissed the case pursuant to the provisions of Article 781d, Sec. 7, V.A.C.C.P. (Now Article 42.12, Sec. 7, V.A.C.C.P.)[1] Quoting Article 732a, V.A. C.C.P. (Now Article 38.29)[2] and emphasizing the phrase, "or such person has been placed on probation and the period of probation has not expired," the court stated:

"We are in accord with the view that evidence as to the burglary conviction which had been set aside after the term of probation had expired was not admissible to impeach the appellant. This is especially so where, as here, the court has granted a new trial, set aside the conviction and dismissed the case pursuant to the provisions of Art. 781d, V. A.C.C.P., Sec. 7." 384 S.W.2d 714.

Although the contention that the improper impeachment required a reversal was overruled because the defendant moved for a mistrial without stating any reason therefor, the court cautioned:

"A different question would be raised had the appellant directed the trial court's attention to his motion praying that the district attorney be instructed not to bring before the jury the fact that he had been previously convicted in the cause in which he was granted probation, the term of which had expired and the conviction set aside." 384 S.W.2d 714.

Thus it was improper for the state to impeach the witness' testimony by proof of a felony conviction where the probationary term had expired and the conviction had been set aside. Article 38.29, V.A.C.C.P.; Article 42.12, V.A.C.C.P.; Goad v. State, supra; Parker v. State, supra. Compare, Valdez v. State, Tex.Cr.App., 462 S.W.2d 24; Smith v. State, Tex.Cr.App., 455 S. W.2d 282; Rayford v. State, Tex.Cr.App., 423 S.W.2d 300. Nevertheless, under the

1. The suspended sentence law (Articles 776–781) was repealed in 1965 and replaced by Article 42.12, V.A.C.C.P. However, Section 7 of Article 42.12, supra, is the same as Section 7 of the old Article 781d and provides:

". . . Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere, and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense."

2. Article 38.29, V.A.C.C.P. is the same as old Article 732a, V.A.C.C.P. except that the following sentence was added in 1965:

"In trials of defendants under Article 36.09, it may be shown that the witness is presently charged with the same offense as the defendant at whose trial he appears as a witness."

circumstances of this case, the error does not call for a reversal.

■ This court has held that the improper impeachment of a witness who has given testimony of no materiality will not constitute grounds for a reversal. Davis v. State, 149 Tex.Cr.R. 98, 191 S.W.2d 733; Le Fors v. State, 130 Tex.Cr.R. 426, 94 S. W.2d 738; Miller v. State, 67 Tex.Cr.R. 654, 150 S.W. 635. Compare, Holland v. State, 60 Tex.Cr.R. 117, 131 S.W. 563.

■ The gist of witness Tunson's testimony was that Mary Tyler carried a pistol, that she had one in her possession on the afternoon of October 2, 1970, and that she "pulled" it on him that afternoon at Joan Martin's house. Appellant maintained that the shooting was an accident, the inadvertent result of the "tussle." It was Miss Tyler's position that appellant intentionally shot her. A charge on the defense of accident was submitted to the jury. A charge on self-defense was not submitted to the jury nor in fact raised by the evidence. Tunson's testimony was not material to the defense of accident and since Miss Tyler admitted possession of the pistol, his testimony did not affect her credibility.

Since the material character of Tunson's testimony was tenuous at best, the harm that resulted from the error in allowing the improper impeachment is not such that would require a reversal. This is especially so in light of the trial court's action withdrawing the impeachment evidence, sustaining appellant's objection and instructing the jury to disregard such evidence. See, Thompson v. State, Tex.Cr. App., 486 S.W.2d 343; Evans v. State, Tex.Cr.App., 477 S.W.2d 455; O'Dell v. State, Tex.Cr.App., 467 S.W.2d 444. See also, Cazares v. State, Tex.Cr.App., 488 S. W.2d 110.

No reversible error having been shown, the judgment is affirmed.