Domingo **AVILLA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46090.

Court of Criminal Appeals of Texas.

April 25, 1973.

H. Edward Johnson (Court appointed), Fort Worth, for appellant.

Doug Crouch, Dist. Atty., William A. Knapp, Tim Evans and J. J. Heinemann, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery. Punishment was assessed at thirty years.

Robert Ballard testified that on the 28th of February, 1971, he was awakened in his apartment at Fort Worth at approximately 3:00 A.M. by the appellant who had previously worked for him. The appellant was accompanied by a girl companion. Entrance to the apartment was gained by breaking a front window and opening the door. The apartment was occupied by Ballard and Mullins, who was the owner of the apartment. The appellant and his companion, at gun point, demanded money from the occupants; tied their hands; and took their money, a rifle, radios, a television, and Ballard's automobile. After appellant and his companion left the apartment Ballard untied himself and Mullins and called the police.

On March 20, 1971, appellant was arrested after a highspeed chase and headon collision with another automobile on a one way street.

Appellant testified in his own behalf and stated that Ballard called him and asked him to come to his apartment. By his defensive theory, appellant claimed that he

had not robbed Ballard nor Mullins; that he did not have a pistol with him when he went to Ballard's apartment; and, that he did not threaten either Ballard or Mullins. He insisted that Ballard gave him the rifle, radios, television set and his automobile as payment for back wages.

In rebuttal the state called three witnesses who testified that they had been robbed by the appellant. All of these robberies occurred within a three months time period of that in the instant case. Also, all three witnesses testified that one of the things taken from them at the time they were robbed was their automobile.

By his first three grounds of error, appellant contends that these extraneous offenses should not have been admitted.

■ An exception to the general rule that extraneous offenses are not admissible in evidence is the rule that such may be admissible to controvert a defensive theory advanced by the accused.

■ In the instant case, appellant admitted taking the items in question but claimed that he did not intend to rob either Ballard or Mullins, and that the items were given to him. Thus, appellant's intent at the time he took the items became a contested issue in the case. Since proof of the extraneous offenses was relevant and material to the question of appellant's intent concerning the offense for which he was being tried, the evidence of the extraneous offenses was admissible for that purpose. See, e. g., Grayson v. State, Tex.Cr.App., 481 S.W.2d 859, and cases cited therein.

The first three grounds of error are overruled.

By his fourth ground of error appellant contends he was improperly impeached. His complaint is addressed to the prosecutor's question which inquired whether appellant was currently on probation.[1]

■■ When an accused takes the stand as a witness he is subject to the same rules as other witnesses and may be impeached. Dunlap v. State, Tex.Cr.App., 440 S.W.2d 672. The fact that the accused, or any other witness in a criminal case, has been placed on probation in a felony case and the period of probation has not expired may be shown for the purpose of impeaching him as a witness. Article 38.29, Vernon's Ann.C.C.P.; Valdez v. State, Tex.Cr.App., 462 S.W.2d 24. But compare Martin v. State, Tex.Cr.App., 491 S.W.2d 928 (1973) and Goad v. State, Tex.Cr.App., 464 S.W. 2d 129 (where the probationary term had expired at time of impeachment).

The fourth ground of error is overruled.

■ The fifth ground of error concerns testimony of the complaining witness. Ballard testified that appellant also took some money from the pocket of a pair of pants he was not wearing, and explained that he noticed that the money was missing after the appellant left the apartment. Appellant argues that the testimony was conjectural and therefore inadmissible. We find no error in the admission of such testimony. Appellant's objection goes to the weight of the evidence and not to its admissibility.

The fifth ground of error is overruled.

The judgment is affirmed.

---

1. It was established that appellant had been convicted of felony theft and was on probation for that conviction.