**James Arthur HALL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47997.**

Court of Criminal Appeals of Texas.

May 22, 1974.

---

**628**

Theodore R. Johns and Elmo R. Willard, III, Beaumont, for appellant.

Tom Hanna, Dist. Atty., John R. De Witt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the sale of heroin. The jury assessed punishment at seventy-five years.

Appellant was convicted of selling heroin to Elray J. Fontenot, an undercover narcotics agent, on February 22, 1972. The State relied primarily on Fontenot's testimony.

In his first ground of error, appellant contends that the trial court erred in refusing to permit him to impeach Fontenot by showing a prior conviction for possession of marihuana. The trial court granted the State's motion in limine prohibiting appellant's counsel from making any reference to the witness' prior conviction upon a showing that Fontenot's probation had been discharged and the judgment set aside by the convicting court. Appellant's counsel objected that the order setting aside Fontenot's conviction was void because the convicting court had no authority because Fontenot had not served one-third of his probation.

Section 7 of Article 42.12, Vernon's Ann.C.C.P., provides, in part:

"At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, *and the expiration of the period of probation,* the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period

and shall discharge the defendant. . . ." (Emphasis supplied)

Article 38.29, V.A.C.C.P., provides, in part:

"The fact that . . . a witness in a criminal case, is or has been, charged . . . with the commission of an offense against the criminal laws of this State, of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless . . . a final conviction has resulted, or a suspended sentence has been given and has not been set aside, or such person has been placed on probation and the period of probation has not expired. . . ."

The record discloses that Fontenot had been convicted of possession of marihuana in the 75th District Court on April 13, 1971, for which he received a five-year probation. On April 23, 1972, (less than 13 months later) the same court entered an order setting aside the judgment and discharging Fontenot from probation. The "Order Setting Aside Judgment, Discharging Defendant from Probation and Dismissal of this Cause" is set out in full in the record and recites the following basis for the court's order:

". . . that the Defendant [Fontenot] was, on the date of the alleged offense in this case, an undercover narcotics agent for the State of Louisiana acting in conjunction with law enforcement agencies in the State of Texas and that at the time he was found in possession of marihuana as alleged in the indictment in this cause he was acting in the line of duty."

██ The judgment and order disclose that Fontenot had served only slightly more than one year on probation prior to his discharge. Therefore, the 75th District Court was without authority under Article 42.12(7), supra, to terminate Fontenot's probation.

██ Proof of a witness' prior felony conviction is properly admissible for impeachment purposes where the probation has not expired. Smith v. State, Tex.Cr. App., 455 S.W.2d 282; Avilla v. State, Tex.Cr.App., 493 S.W.2d 233. We hold that the prior felony conviction of a witness whose probated sentence has not expired is not rendered inadmissible for purposes of impeachment by a void order terminating probation prior to the expiration of the minimum statutory period.

Deputy Sheriff Jack Hebert of Calcasieu Parish, Louisiana, testified that he accompanied Fontenot on the occasion of the sale. He stated that, while hidden in the partially-opened trunk of an automobile driven by Fontenot, he overheard appellant agree to sell Fontenot six papers of heroin and six of cocaine and saw appellant hand him a cellophane bag. Hebert then testified that appellant jerked the bag out of Fontenot's hand and told him they would have to go somewhere else. The two men went inside a nearby building out of Hebert's sight, and shortly thereafter, Fontenot returned with a cellophane bag containing heroin.

██ Hebert did not see the transaction. Fontenot's testimony that appellant sold him the heroin was countered by Ivory Lyons' testimony that he, not appellant, made the sale to Fontenot.

Upon such facts, Fontenot's testimony and credibility were crucial. We conclude, under the circumstances of this case, that the trial court's refusal to permit appellant to question Fontenot by showing his prior marihuana conviction was error. The State contends that even if there were error, it was harmless because if Fontenot had been impeached the circumstances of the conviction and the explanation could have been proved, citing 62 Tex.Jur.2d, Witnesses, Section 267, page 236, and 1 Branch's Ann.P.C.2d, Section 194, page 216.

The question of credibility was for the jury. The evidence should have been sub-

mitted for its determination. We cannot conclude that the error was harmless.

The judgment is reversed and the cause remanded.