**John A. POORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49645.**

Court of Criminal Appeals of Texas.

June 18, 1975.

Joseph G. Stulb, Jr., Court appointed, Universal City, for appellant.

Ted Butler, Dist. Atty., C. Nick Rothe and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted of robbery by assault and was assessed a punishment of five years' confinement.

Appellant complains of the court's granting of the State's motion in limine prohibiting the introduction of a shoplifting conviction against the State's main witness for impeachment purposes. The issue joined is whether or not the claims by the witness himself that the conviction was later set aside are competent to establish that the conviction was not final and therefore could not be used for impeachment.

■ We are met at the outset with the threshold question of whether or not the issue has been properly preserved for review. The dissenters would affirm because appellant's ground of error was not preserved below. We think the error was clearly identified and consistently preserved in several instances. It is true that a defendant cannot rely solely on his motion *in limine* to preserve error in the *admission* of inadmissible evidence. He must object to an offer of specific evidence and obtain an adverse ruling at the trial. Brazzell v. State, 481 S.W.2d 130 (Tex.Cr.App.1972). But here the appellant is complaining of the *exclusion* of evidence pursuant to the *State's* motion *in limine*. In this case, the mere offer of evidence, followed by an adverse ruling, is sufficient to preserve the question for review.

On voir dire, the State's witness judicially admitted his prior conviction and the appellant offered the final court-martial order to impeach the State's witness and invited the State to offer papers showing that the con-

viction had been reversed, but the trial judge rejected such offer of proof stating:

"Well, I am going to deny its admissibility at this point."

Thus there was an adverse ruling by the trial judge. Moreover, during the trial the next day, appellant filed a written Motion for Reconsideration of State Motion in Limine and for Discovery, attaching the record of the witness' conviction, but said motion was denied *to which the defendant excepted.* Thus, appellant has carefully preserved his ground of error for review by this Court.

The question presented for review is a straightforward one, but it appears never to have been addressed by this Court. Simply stated, it is whether the witness' prior conviction was admissible to impeach him or whether his own testimony denying the finality of the conviction rendered it inadmissible. There is no disagreement that a felony conviction or misdemeanor conviction involving moral turpitude, if not too remote, can be used to impeach a witness' credibility. Art. 38.29, Vernon's Ann. C.C.P.; Rivas v. State, 501 S.W.2d 918 (Tex. Cr.App.1973); Nichols v. State, 494 S.W.2d 830 (Tex.Cr.App.1973). A misdemeanor conviction for theft involves moral turpitude and can be used for impeachment. Avilla v. State, 493 S.W.2d 233 (Tex.Cr.App. 1973); Martin v. State, 491 S.W.2d 928 (Tex.Cr.App.1973). A conviction which has been reversed is not a final conviction and therefore cannot be used for impeachment. See Baker v. State, 520 S.W.2d 782 (delivered April 2, 1975) and Ringer v. State, 137 Tex.Cr.R. 242, 129 S.W.2d 654 (1938), in which convictions on appeal were held inadmissible for impeachment purposes.

Prior to the passage of Art. 732a, V.A.C. C.P. in 1951 (now Art. 38.29), the fact that a witness was charged by indictment, information or complaint with the commission of a crime was admissible to impeach him. This law in part gave rise to a long line of cases permitting a witness so impeached to rehabilitate himself on redirect examination. Jackson v. State, 33 Tex.Cr.R. 281, 26 S.W. 194 (1894); Green v. State, 62 Tex. Cr.R. 345, 137 S.W. 126 (1911); Chappel v. State, 136 Tex.Cr.R. 528, 126 S.W.2d 984 (1939); and see Modica v. State, 94 Tex. Cr.R. 403, 251 S.W. 1049 (1923) in which the State's witness, who had been impeached by showing a court-martial for an offense committed while he was in the Army was allowed to rehabilitate himself by testifying on redirect that he had received an honorable discharge. Even when such impeachment was limited to the showing of final convictions, the witness, in the sound discretion of the trial judge, was allowed to explain the circumstances or protest his innocence. See Chappel v. State, supra; 166 A.L.R. 211, 231. It has been held that a witness impeached by a showing of a prior conviction had the right to introduce a pardon for that offense to bolster his credibility. Gaines v. State, 95 Tex.Cr.R. 368, 251 S.W. 245 (1923). Bernard's, Inc. v. Austin, 300 S.W. 256 (Tex.Civ.App.1927).

But the preceding cases involved rehabilitation of a witness whose convictions had already been made known to the jury. Unquestionably, such rehabilitation should be allowed within reasonable limits. In the case at bar, however, the fact of conviction was offered outside the presence of the jury to determine the question of its admissibility. The State contends that the witness was then competent to deny its finality and thus its availability for impeachment. But the rule urged by the State would have at least two unworkable results. In the first place, any witness being impeached by prior convictions could simply claim that such convictions had been reversed, suspended, probated, appealed, etc. and were therefore unavailable for impeachment, despite the inherent unreliability of such self-serving declarations. Secondly, the party who would impeach the witness is placed in the *impossible* position of having to prove the

non-existence of a fact—in this case, that the papers showing reversal of the witness' conviction do *not* exist. These undesirable results could be avoided by adoption of the rule that a witness is not competent to deny by parol evidence the finality of his conviction for an offense. When the impeaching party has established the fact of conviction, either by the witness' own admission or by tendering the judgment and sentence to the court, the burden should then shift to the party offering the witness to introduce competent, documentary evidence showing that the conviction is not final. This Court seemed to be applying this reasoning in Sipanek v. State, 100 Tex.Cr.R. 489, 272 S.W. 141 (1925) where it required a witness to prove the fact of his pardon by the Governor's proclamation, and not by parol evidence. And more recently, this Court held that admission of a prior conviction to impeach a defendant was not error, even though the subsequent voir dire examination revealed that the sentence had been suspended and the conviction later set side. Smith v. State, 409 S.W.2d 409 (Tex.Cr.App. 1966). We held that the defendant had the burden of affirmatively proving that the conviction was set aside and, in the absence of such proof, its admission was not error.

A strict application of the best evidence rule to the proof of a prior conviction would require the production of a copy of an official document since the object of the proof is the contents of the judgment of conviction. 4 Wigmore, Evidence, Sec. 1270 (Chadbourne rev. 1972). See Overton v. state, 490 S.W.2d 556 (Tex.Cr.App.1973). However, an exception to this rule has been adopted in Texas, Johnson v. State, 453 S.W.2d 828 (Tex.Cr.App.1970), and in many other jurisdictions, that a witness may be impeached with a prior conviction on the basis of the witness' own admission of that conviction, as was done in the case at bar. It is not then required that a copy of the judgment of conviction be produced.

The logic of this exception is evident. The best evidence rule requires proof by a written copy of an instrument because of its superior reliability over the recollection of a witness "as to its contents and meaning." See Overton v. State, supra. However, the same indicia of reliability also are present when a witness while testifying admits his prior conviction. It is unlikely that the witness is mistaken about the conviction or that he would admit a prior conviction when none had occurred. It is in his self-interest to protect himself from impeachment and his character from being impugned. An admission of a prior conviction is an admission against that self-interest.

Testimony that a conviction has been reversed does not bear the same indicia of reliability. Such testimony is exculpatory and self-serving and it is more likely that such testimony would be given falsely. Hence, the rationale for the rule we adopt today: that documentary evidence is required to deny the finality of a conviction introduced for impeachment purposes.

We hold that the burden was on the State to show that its witness' conviction was not final, cf. Smith v. State, supra, and that the State failed to meet this burden. In the absence of such competent rebuttal evidence, we must assume that the conviction shown by the court-martial records was final. 1 McCormick & Ray, Texas Law of Evidence, Sec. 98. In the state of this record, the exclusion of the conviction was reversible error. Since the complainant was the only witness to implicate the appellant and the only witness to contradict appellant's testimony, the error was harmful.

The judgment is reversed and the cause remanded for a new trial.

DOUGLAS, Judge (concurring).

I concur that the appellant properly presented the evidence concerning the

court-martial of the witness to the judge during the trial.

The State's motion in limine was filed and granted on March 20, 1974. On March 21, during the trial, appellant filed a motion for reconsideration of the State's motion in limine and for discovery with a copy of the court-martial order attached. This was denied on the 21st of March.

During the trial and outside the presence of the jury, the witness testified that he had been convicted in 1972 for theft of property. Counsel for the defense stated that he had the court-martial order and if there were other orders that changed this order he would have no objection. Before counsel finished his statement, the court interrupted and refused to admit the evidence.

This was sufficient as an objection in a hearing outside the presence of the jury under Article 40.09, Section 6(d)(3), V.A.C. C.P.

This is like Powers v. State, 456 S.W.2d 97 (Tex.Cr.App.1970). There, during the trial on the merits, the jury was retired and the court denied a motion to suppress. This was held to be sufficient as an objection because it was during the trial.

In the present case the appellant filed his motion to reconsider the granting of State's motion in limine. It was also brought to the attention of the trial court outside the presence of the jury while evidence was being introduced during the trial.

The appellant complied with Article 40.09, Section 6(d)(3), supra, and the objection to the exclusion of the evidence was sufficient and he properly showed the court what evidence he wanted before the jury.

Motions in limine, whether they be motions to suppress or motions to introduce evidence or objections to evidence, should be treated alike. The main thing to be considered is that the judge should have sufficient notice of what a defendant is complaining about during the trial to pass upon the matter. In this case he did.

The part of the opinion holding that the judgment in the court-martial proceeding should have been admitted is correct, but to the part which states, apparently in dictum, that the witness could not testify that the conviction was reversed, I cannot agree. The jury could pass upon his credibility. The best evidence rule should not be applied. See Johnson v. State, 453 S.W.2d 828 (Tex.Cr.App.1970).

ODOM, Judge (dissenting).

The majority misstate appellant's ground of error. Appellant contends the trial court erred in granting the State's motion in limine. He then argues that this ruling was harmful because it prevented him from proving the prior shoplifting conviction of a State's witness for impeachment. The majority treat the issue as one of erroneous exclusion of admissible evidence. The record does not reflect any such ruling. Having failed to offer admissible evidence and secure an adverse ruling, nothing is presented for review. The mere granting of a motion in limine is not sufficient. Norman v. State, 523 S.W.2d 669 (1975); Duran v. State, Tex.Cr.App., 505 S.W.2d 863.

The majority reverse this case on the conclusion that a document showing the witness' prior conviction was improperly excluded from evidence. I dispute that holding because the record does not show the document to be admissible. It purports to be a record of a court-martial conviction, but it is neither authenticated under the official documents act, nor identified under the business records act, nor in any other way shown to be admissible. From the record before this Court it appears to be nothing more than hearsay. For this reason I would find the record fails to reflect that any admissible evidence was tendered and excluded by the trial court. No error has been shown.

I also take issue with the assertion in Judge Douglas' concurring opinion that Article 40.09(6)(d)(3), V.A.C.C.P., applies to

the facts of this case. That statutory provision speaks specifically to instances when the trial court "rules that . . . evidence shall be *admitted* . . ." (Emphasis added) Appellant's complaint, as construed by the majority, is directed to the *exclusion* of evidence, not the *admission* of evidence. Article 40.09(6)(d)(3), supra, does not apply. Article 40.09(6)(d)(1) and (2), V.A.C.C.P., do apply, and require that after evidence is excluded by ruling of the court, the evidence that would have been offered shall be adduced before the reporter, or the party, if permitted by the court in its discretion, may make a concise statement of what the excluded evidence would show. It does not appear that either method was followed in the instant case. No such offer before the reporter and out of the hearing of the jury of any excluded evidence appears. Neither does it appear that the court permitted a concise statement of what the evidence would show, because it is precisely upon this point, i. e., whether or not it would show a final conviction, that the dispute arose.

As above stated, the record does not reflect that admissible evidence was excluded, and therefore does not support the reversal.

Accordingly, I dissent.